**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEVIN GROSS, | ) |
| | ) |
| Plaintiff, | ) **C.A. No.:** |
| | ) |
| v. | ) |
| | ) |
| ITT TECHNICAL INSTITUTE. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| Defendant. | ) **JURY TRIAL** |
| | ) |

**COMPLAINT**

KEVIN GROSS ("Plaintiff"), by and through his attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against ITT TECHNICAL INSTITUTE

("DEFENDANT"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection

Act, 47 U.S.C. §227.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v.

Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Maryland, thus,

personal jurisdiction is established.

- 1 -

PLAINTIFF'S COMPLAINT

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.      Plaintiff is a natural person residing in Baltimore, Maryland 21239.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant is a corporation with its principal place of business located at 3781 Park Mill Run Drive, Hilliard, Ohio 43026.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number.

11.     Plaintiff has only used this phone as a cellular telephone number.

12.     Beginning in November or December 2015 and continuing thereafter, Defendant placed repeated telephone calls multiple times per day to Plaintiff's cellular telephone.

13.     Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

PLAINTIFF'S COMPLAINT

14.   Plaintiff knew that Defendant was using an automated telephone dialing system because the calls began with a noticeable delay before he would speak to Defendant's representatives.

15.   Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was calling Plaintiff in regard to his student loan payments.

16.   Plaintiff was aware that Defendant was calling him because he had spoken to male and female callers who stated their company name during the calls.

17.   Desiring to stop the repeated telephone calls, on more than one occasion between middle January 2016 and August 2016, Plaintiff spoke with Defendant's representatives to advise them he no longer wanted to be contacted on his cellular telephone and to stop calling.

18.   This was Plaintiff's way of revoking any consent that may have been given to Defendant to contact him.

19.   Once Defendant was informed that its calls were unwanted and to stop, there was no lawful to making further calls, nor was there any good faith reason to place calls.

20.   However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

21.   Rather, Defendant continued to call Plaintiff on his cellular telephone multiple times per day.

PLAINTIFF'S COMPLAINT

22.     It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone.

23.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26.     Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27.     Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

PLAINTIFF'S COMPLAINT

30.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32.     Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

33.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KEVIN GROSS, respectfully prays for a judgment as follows:

      a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

      e.    Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

     PLEASE TAKE NOTICE that Plaintiff, KEVIN GROSS, demands a jury

3

trial in this case.

4

5

                   RESPECTFULLY SUBMITTED,

6

7

                   By: /s/ Amy Lynn Bennecoff
                   Amy Lynn Bennecoff, Esq.

8

                   Kimmel & Silverman, P.C.
                   30 East Butler Pike

9

                   Ambler, PA 19002
                   Telephone: (215) 540-8888

10

                   Facsimile (215) 540-8817

11

                   Email: aginsburg@creditlaw.com
                   Attorney for Plaintiff

12

13

Dated:  August 5, 2016

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT